# Patrick J. Brackley, Esq
Attorney at Law
233 Broadway  Suite 801
New York, NY 10279
Tel. (212) 334-3736
Fax (212) 513-7086

December 11, 2007

Honorable John G. Koeltl
United States District Court
Southern District of New York
500 Pearl Street, Room 1030
New York, New York  10007


Re: <u>United States v. Salathiel Luis Mora</u>  07 CR 450-01(JGK)


Dear Judge Koeltl:

I represent Salathiel Mora, who is scheduled to be sentenced on December 21, 2007, and I submit this letter to aid the Court in fashioning an appropriate sentence that is fair to both Mr. Mora and the government.  For the reasons set forth below, I respectfully submit that, on the facts before this Court, Mr. Mora has a total offense level of 27 and that Mr. Mora should be sentenced to a non-guidelines probationary sentence conditioned on drug and psychiatric treatment or, at worst no more than the 46  months recommended by the Probation Department.


A.   Background

On August 19, 2007, Mr. Mora pled guilty to each count of a two-count indictment.  Count One charged that on August 19, 2005, Mr. Mora  distributed 1102 MDMA ("Ecstasy") pills in violation of 21 U.S.C. §§ 812, 841(a)(1), (b)(1)(C) and 18 U.S.C. §2.   Count Two charged that on August 19, 2005, Mr. Mora distributed 978 MDA pills in violation of 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(C) and 18 U.S.C. § 2.


B.   The Presentence Report and the Sentencing Recommendation

Based on findings that defendant distributed 1102.5 Ecstasy pills and another 978 MDA pills, the Presentence Report, by using the §2D1.1 conversion table, concludes that Mr. Mora's base offense level is 26. PSR at ¶ 18.  The Probation Department recommended a three-level reduction pursuant to § 3E1.1(a,b) for timely acceptance of responsibility.  While the Probation Department has withheld a further two-level reduction pursuant to § 2D1.1(b)(9) because Mr. Mora has yet to satisfy U.S.S.G. § 5C1.2(a)(5), because Mr. Mora has no mandatory sentencing exposure, he does not

appear to qualify for that "safety valve" relief.  Further, the court should be aware that Mr. Mora was subject to a post-arrest debriefing by arresting authorities and did provide all the information available to him about the circumstances of his case.  Should the court be willing to consider a non-guidelines sentence or otherwise view his compliance as influential in fashioning an appropriate sentence, Mr. Mora is willing to meet again with the Government in compliance with § 5C1.2(a)(5).

C.  Factors Militating For Imposition of  Non-Guidelines Sentence

"It has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue. Gall v. United States, ___ S.Ct. ____, 2007 WL 4292116 quoting Koon v. United States, 518 U.S. 81, 113 (1996).  To uphold that tradition, the court should consider the human failings of Mr. Mora and particularly his father, that mitigate Mr. Mora's behavior and militate for the imposition of a nonguidelines sentence.

The PSR documents Mr. Mora's psychiatric history of depression and suggests that it is rooted in the abusive relationships his father had with his mother, Mr. Mora and Mr. Mora's two siblings.  PSR at ¶¶ 36-38.  His father's abuse forced the remainder of the family to live in domestic violence shelters for two years when Mr. Mora was only ten years old.  PSR at ¶ 38.  Thereafter, the family reunited for two years only to permit Mr. Mora to witness his father's agonizing deterioration and death from AIDS.  Id.  At the recommendation of his school, Mr. Mora received psychiatric care for depression after his father's death but depression has been a persistent problem in Mr. Mora's life ever since.  The PSR also documents that, after losing his job in 2003, Mr. Mora began the daily use of Ecstasy for the two years leading up to his arrest.  PSR at ¶ 43.

Medical literature documents a predilection among those subject to depression to self-medicate by making Ecstasy their drug of choice.   Huizink, Ferdinand, van der Ende,  Verhulst,  Symptoms of anxiety and depression in childhood and use of MDMA: prospective, population based study, British Medical Journal, v.332(7545) (April 8, 2006) http://www.pubmedcentral.nih.gov/articlerender.fcgi?artid=1432198  ("Conclusions: Individuals with childhood symptoms of anxiety and depression may have an increased tendency to use MDMA in adolescence or young adulthood. Its effects are supposed to include enhanced feelings of bonding with other people, euphoria, or relaxation. Especially individuals with symptoms of anxiety or depression may be susceptible to these positive effects."); http://students.syr.edu/saphe/options/ecstasy.html ("Ecstasy is not physically addictive. However, the drug can take on great importance in people's lives, and some people become compulsive in their use. Taken frequently, however, MDMA loses its effect. MDMA releases the brain chemical serotonin, elevating mood and acting as a short-term antidepressant. Compulsive users may be unconsciously trying

to self-medicate for depression. Effective treatments for depression are available with the proper diagnosis by a qualified physician, psychiatrist, or counselor.'); http://www.dancesafe.org/documents/druginfo/depression.php ("Some ecstasy users who experience depression might have been depressed before they started using ecstasy. Depression is a common illness that often goes undiagnosed and untreated. This is particularly true for teenagers and young adults who suffer from mild to moderate depression. It is likely that many compulsive ecstasy users are unconsciously trying to self-medicate their depression. (Of course, Ecstasy is not an effective daily antidepressant and may actually exacerbate symptoms of depression.)")

Mr. Mora's circumstances suggest that he is a man with psychiatric problems who found a drug, Ecstasy, that alleviated his depression and made him feel more connected to those around him and that Mr. Mora, a first offender, engaged in Ecstasy distribution in order to support his personal psychological addiction to the drug. Should the Court be open to exploring the soundness of that view from a medical perspective, Mr. Mora is willing to subject himself to an interview by a court-appointed psychiatrist. Mr. Mora asks that the court consider whether a probationary sentence conditioned by drug or psychiatric treatment, or a shorter incarcerative sentence with those conditions, would better serve Mr. Mora and society than a longer guidelines-based incarcerative sentence that could either exacerbate the psychiatric problem or, at best, leave it untreated.

Mr. Mora assented to a search of his residence, cooperated with arresting authorities and has complied with the conditions of his pre-release supervision. The accompanying certificate of disposition documents the dismissal of the sole stain on his criminal record, reported in the PSR as a February 2, 2007 conviction in the Supreme Court, Bronx County (Ind. # 089-2007) of Criminal Possession of a Controlled Substance in the 4th Degree. PSR at ¶ 30. See Exhibit 1, attached.

Mr. Mora requests that any incarcerative sentence imposed by the Court, guidelines or non-guidelines, include a recommendation to the BOP that he be provided substance abuse treatment. See Bureau of Prisons Program Statements PS 5330.10.

Should the Court decide on incarceration, Mr. Mora requests that the Court recommend placement near his daughter and her mother in a facility in the Northeast Region. See Bureau of Prisons Program Statements PS 5140.28 and PS 5070.10 § 7 (a) & (b).

D.    Conclusion

For the forgoing reasons, Mr. Mora respectfully requests that the Court grant him the relief requested herein.

Respectfully submitted,

Patrick J. Brackley (PJB 6808)

cc: AUSA Joseph P. Facciponti
    Probation Officer Diane C. Moczydlowski