

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*

*One Saint Andrew's Plaza*
*New York, New York  10007*

December 13, 2007

*By Hand and by ECF Filing*

Honorable John G. Koeltl
United States District Judge
United States Courthouse
500 Pearl Street
New York, New York 10007

    Re:  *United States v. Salathiel Luis Mora*, 07 Cr. 450 (JGK)

Dear Judge Koeltl:

    Sentencing in this matter is scheduled for Friday, December 21, 2007 at 2:30 p.m. Yesterday, December 12, 2007, defense counsel submitted a sentencing memorandum to the Court ("Defendant's Memorandum").  The Government respectfully submits this letter to respond to the Defendant's Memorandum, and to request that the defendant be sentenced within the sentencing range provided by the advisory Sentencing Guidelines, which the Government calculates to be 37 to 46 months' imprisonment.

    On November 16, 2007, the Probation Department submitted a Presentence Investigation Report ("PSR").  The PSR calculated the defendant's offense level under the Guidelines to be 23, based on a base offense level of 26 and a 3-level reduction for acceptance of responsibility.  (PSR ¶¶ 16-27).  The PSR further calculated the defendant's Criminal History Category to be I, based on 1 criminal history point.[1]  (PSR ¶¶ 28-33). Accordingly, according to the PSR, the defendant's Guidelines sentencing range is 46-47 months imprisonment, and the Probation Department recommends a sentence of 46 months' imprisonment.  (PSR, Sentencing Recommendation, at 16-17).

---

    [1]The defendant contests the PSR's finding that the defendant has one criminal history point, based on a conviction for criminal possession of a controlled substance in the fourth degree, and attaches a certificate of disposition showing the conviction to have been dismissed.  Accordingly, the Government agrees that the defendant has no criminal history points.  This does not affect the defendant's Criminal History Category, which remains unchanged.

Honorable John G. Koeltl
December 13, 20007
Page 2

  In the Defendant's Memorandum, the defendant asserts that because he "has no mandatory sentencing exposure, he does not appear to qualify for that 'safety valve' relief." (Defendant's Memorandum at 1-2). This is incorrect. The 2-level reduction for meeting the criteria set forth in U.S.S.G. § 5C1.2 also applies to cases that are not subject to a mandatory minimum. In fact, earlier the Government had left a voicemail message for defense counsel to discuss this issue, but defense counsel did not return the call. Nonetheless, the defendant suggests that he provided sufficient information in his post arrest statement to law enforcement officers to meet the fifth requirement of U.S.S.G. § 5C1.2(a) (Defendant's Memorandum at 2), which provides that "not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan." U.S.S.G. § 5C1.2(a)(5). After reviewing the defendant's post arrest statement, the Government agrees that this condition has been met.[2] In addition, the defendant appears to satisfy all of the remaining requirements of section 5C1.2. Accordingly, a 2-level reduction in the defendant's offense level is appropriate, *see* U.S.S.G. § 2D1.1(b)(11), and the defendant's offense level should be 21. At Criminal History Category I, the defendant's applicable Guidelines sentencing range is 37 to 46 months' imprisonment.

  The defendant also argues for a "non-guidelines probationary sentence conditioned on drug and psychiatric treatment or, at worst no more than the 46 months recommended by the Probation Department." (Defendant's Memorandum at 1). In particular, the defendant argues that his family history and depression caused him to become a habitual user of ecstasy. (*Id*. at 3). The Government opposes this request to the extent the defendant seeks a non-Guidelines sentence, and believes that a sentence within the advisory Guidelines range of 37 to 46 months would be sufficient but not greater than necessary to meet the sentencing goals set forth in Title 18, United States Code, Section 3553(a). Specifically, the nature and circumstances of the offense and the history of the defendant warrant a Guidelines sentence. At the time of his arrest, the defendant kept at the apartment he shared with his significant other and their daughter (who was one year old at the time) over 2,000 pills that were either ecstasy or MDA, an ecstasy-like drug, as well as drug paraphernalia and approximately $5,000 in cash drug proceeds. (PSR ¶¶ 7-12, 40). When questioned by the arresting agents, the defendant admitted to purchasing

---

  [2]The defendant's post arrest statement provides more information than what is recorded in the PSR, including information about the defendant's supplier, the defendant's stash locations, and an accomplice.

Honorable John G. Koeltl
December 13, 20007
Page 3

ecstasy pills and selling them for a profit on the street. (*Id*. ¶ 10). Accordingly, the defendant's conduct is serious and goes far beyond the mere use of ecstasy to cope with depression. In addition, the Government notes that the defendant has seen a psychiatrist for six months and has not been prescribed any medication. (PSR ¶ 42). The Government would consent to the defendant receiving any appropriate psychiatric and substance abuse treatment while incarcerated.

    Accordingly, the Government respectfully requests that the Court impose a sentence within the Guidelines range of 37 to 46 months' imprisonment.

                                        Respectfully submitted,

                                        MICHAEL J. GARCIA
                                        United States Attorney
                                        Southern District of New York

                                              /s/ J.P.F.
              By:     _____
                                        Joseph P. Facciponti
                                        Assistant United States Attorney
                                        Tel:   (212) 637-2522
                                        Fax:  (212) 637-2390

cc:    Patrick Brackley, Esq.
       *By ECF Filing and by fax (212) 431-4460*